IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
NORTHERN DIVISION

| | | |
|---|---|---|
| BONNIE K. MOSS, as the Personal Representative of the Estate of MARK S. MOSS, deceased | : : : : | |
| Plaintiff | : : | No. 1:22-cv-390 |
| v. | : : | |
| BNSF RAILWAY COMPANY, f/k/a Burlington Northern and Santa Fe Railway Company | : : : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., (FELA), and Locomotive Inspection Act, 49 U.S.C. Sec. 20701, et. seq., (LIA), which grants this Court jurisdiction over this action.

2. Plaintiff, Bonnie K. Moss, (hereinafter "Plaintiff") is an adult individual and resides 7112-360 Pan Am Freeway NE, Albuquerque, NM 87109, and is the widow of Mark S. Moss and duly appointed, by the Probate Court of Bernalillo County, New Mexico, the Personal Representative of the Estate of Mark S. Moss.

3. Plaintiff's husband, Mark S. Moss (Decedent) died on November 11, 2017.

4. Defendant, BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railway, and successor in interest to Burlington Northern Railroad and the Atchison, Topeka and Santa Fe Railway, amongst other acquired railroads, (hereinafter collectively as "BNSF") was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail; and for the purposes hereof did operate locomotives,

railroad cars and repair facilities and transacted substantial business throughout New Mexico and the various states of the United States.

6. From November 1994 to July 2015, the Plaintiff's Decedent was employed by Defendant railroad, or its predecessor in interest, as a brakeman, conductor and engineer and was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. During the course and scope of his career as a brakeman, conductor and engineer Plaintiff's Decedent worked out of the Gallup, New Mexico Yard, as well as Belen, New Mexico to Winslow, Arizona.

8. During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings and along its right of ways, Plaintiff's Decedent was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/fumes/exhaust, silica and asbestos dust and fibers.

9. Specifically, Plaintiff was exposed to diesel fuel/exhaust/fumes from locomotive exhaust, silica from ballast dust and asbestos from insulation and brake shoe dust.

10. Plaintiff's Decedent's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of lung cancer.

11. The locomotive cabs that the Decedent rode in were not properly maintained or inspected allowing diesel exhaust from the engine and other locomotive engines to infiltrate the locomotive cabs.

12. The locomotive cabs that the Decedent rode in allowed diesel exhaust to infiltrate the cab through improperly maintained and inspected walls, windows, ceilings and floors.

13. The locomotive cabs that the Decedent rode in allowed silica dust to infiltrate the locomotive cabs.

14. The locomotive cabs contained asbestos insulation that was not properly and/or timely remediated.

15. The Plaintiff's Decedent's cancer is the result of the negligence of the Defendant railroad in that it utilized known cancer-causing materials in its operations, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

16. Defendant's negligence consisted of:

   (a) Failing to use ordinary care and caution to provide the Plaintiff's Decedent with a reasonably safe place in which to work as required by the FELA;

   (b) Failing to provide locomotives with properly designed and adequately functioning ventilation systems;

   (c) Failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's Decedent's exposure to toxic materials and carcinogens;

   (d) Failing to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

   (e) Failing to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

   (f) Failing to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways;

   (g) Failing to periodically test employees such as the Plaintiff's Decedent for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff's Decedent as to the test results;

  (h) Failing to warn the Plaintiff's Decedent of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

  (i) Failing to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Decedent, to carcinogens;

  (j) Failing to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens;

  (k) Failing to provide the Decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens and;

  (l) Failing to utilize low emissions fuels such as bio-diesel in its locomotives.

17. The Locomotive Inspection Act, 49 USC § 20701 requires that locomotives are in proper condition and safe to operate without unnecessary danger of personal injury.

18. Instantly, the Defendant failed to provide the Plaintiff's Decedent with locomotives that had proper and adequate ventilation and/or air filtration systems, the failure of which allowed diesel fumes, dust, asbestos fibers and toxins to accumulate and, subsequently, be inhaled by the Plaintiff.

19. Generally, the railroad was in violation of 49 CFR § 229.7 which prohibits railroads from using any locomotive that "is not in proper condition or safe to operate without unnecessary peril to life or limb" and 49 CFR § 229.45 which states, in part, that "all systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train". Furthermore, and more specifically, the railroad was in violation of 49 CFR 229.43(a) that states that: "Products of combustion shall be released entirely outside the cab and other compartments. Exhaust stacks shall be

4

of sufficient height or other means provided to prevent entry of products of combustion into the cab or other compartments under usual operating conditions".

20. Additionally, the railroad failed to: install proper engine exhaust filters, utilize low emissions fuel such as bio diesel and mandate cleaner burning engines from the locomotive manufacturers.

21. The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

22. As a direct result of the negligence of the Defendant railroad, the Plaintiff's Decedent experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

23. As a result of the negligence of the Defendant, Plaintiff's Decedent sustained a loss of future benefits including loss of pension benefits due to his premature death.

24. Plaintiff's Decedent suffered from a fear of death as a result of his cancer.

25. Plaintiff seeks all damages recoverable under the FELA.

26. Plaintiff's Decedent was never informed as to the cause of his cancer.

27. Less than three (3) years before Plaintiff's Complaint was filed she first learned that her husband's cancer was caused or contributed to by the negligence of the Defendant.

WHEREFORE, the Plaintiff, Bonnie K. Moss, Personal Representative for the Estate of Patrick J. Miner, demands judgment against the Defendant BNSF in a sum in

excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

                                                    BERN CAPPELLI

Dated: May 20, 2022                    BY: /s/ Shawn M. Sassaman
                                              SHAWN M. SASSAMAN
                                              Attorney for Plaintiff
                                              101 West Elm Street
                                              Suite 520
                                              Conshohocken, PA  19428
                                              (610) 941-4444
                                              (610) 941-9880 fax